**Shirish WAGH, Plaintiff–Appellant,**

v.

**METRIS DIRECT, INC.; Metris Direct Services, Inc.; Metris Companies, Inc.; DirectAlert, Defendants–Appellees.**

No. 02–15580.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Filed Nov. 7, 2003.

Amended Dec. 15, 2003.

Ernest M. Thayer, San Francisco, California, for the plaintiff-appellant.

Tomio B. Narita and David B. Moyer, San Francisco, California, for the defendants-appellees.

Before B. FLETCHER, TASHIMA, Circuit Judges, and POLLAK, District Judge.*

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**ORDER**

This court's opinion, filed November 7, 2003, is amended as follows:

1. The last full paragraph of the opinion, on slip op. 15949, is deleted and replaced with the following two paragraphs:

In his response to the first motion to dismiss his RICO claims, Wagh requested that the district court dismiss his § 1962(a) claim without prejudice, asserting that discovery would enable him to plead this claim with greater specificity. The district court's decision to dismiss this claim with prejudice was not an abuse of its discretion. Wagh argues here, as he did before the district court, that he would be able to amend his § 1962(a) claim if the district court allowed discovery. As we discussed above, however, Wagh was not entitled to conduct discovery at this stage of the proceedings because no factual issues were in dispute.

Furthermore, at no point did Wagh request that any of his other RICO claims be dismissed without prejudice so that he could pursue them in state court, nor did he voluntarily dismiss the claims so as to avoid the preclusive effect of a dismissal on the merits.

2. The last sentence of the penultimate paragraph of the opinion, which currently reads:

Even though state courts have concurrent jurisdiction over RICO actions, *Tafflin v. Levitt,* 493 U.S. 455, 458, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990), res judicata bars Wagh from reasserting his RICO claims in state court.

should be replaced with this sentence:

Even though state courts have concurrent jurisdiction over RICO actions,

*Tafflin v. Levitt,* 493 U.S. 455, 458, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990), given the pleading flaws in this case, res judicata bars Wagh from reasserting his RICO claims in state court.

With the opinion as amended, the panel has voted to deny the petition for panel rehearing. The petition for rehearing, filed November 21, 2003, is DENIED.